# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ROBERT FLEENOR, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> TRANSWORLD SYSTEMS INC., and JHPDE FINANCE I LLC, <br><br> Defendant. | Case No.: 19-cv-32 <br><br> **CLASS ACTION COMPLAINT** <br><br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Robert Fleenor is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes.

5. Defendant Transworld Systems, Inc. ("TSI") is a business corporation with its principal offices located at 500 Virginia Drive St 514, Fort Washington, Pennsylvania 19034.

6. TSI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. TSI is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

8. TSI is licensed as a "Collection Agency" by the Wisconsin Department of Financial Institutions pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74.

9. TSI is a debt collector as defined in 15 U.S.C. § 1692a.

10. Defendant JHPDE Finance I, LLC ("JHPDE") is a limited liability company with its principal offices located at 5757 Phantom Drive, Suite 250, Hazelwood, Missouri 63042.

11. JHPDE is engaged in the business of collecting debts, in that it purchases and receives assignment of consumer debts that are in default at the time JHPDE acquires them.

12. JHPDE uses third-party debt collection agencies, including TSI, to collect consumer debts originally owed to others and currently held by JHPDE.

13. JHPDE, directly or indirectly, is a debt collector under this arrangement. 15 U.S.C. § 1692a(6).

14. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

15. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added); *see, e.g.,*

*Tepper v. Amos Fin., LLC,* 898 F.3d 364, 371 (3d Cir. 2018) ("In sum, Amos may be one tough gazookus when it attempts to collect the defaulted debts it has purchased, but when its conduct crosses the lines prescribed by the FDCPA, it opens itself up to the Act's penalties."); *Kurtzman v. Nationstar Mortg. LLC*, No. 16 17236, 2017 U.S. App. LEXIS 19750, at *6-7 (11th Cir. Oct. 10, 2017); *Skinner v. LVNV Funding LLC*, 2018 U.S. Dist. LEXIS 2812, at *7-8 (N.D. Ill. Jan 8, 2018); *Mitchell v. LVNV Funding LLC*, 2017 U.S. Dist. LEXIS 206440, at *7-12 (N.D. Ind. Dec. 15, 2017); *Torres v. LVNV Funding LLC*. 2018 U.S. Dist. LEXIS 49885, at *13-15 (N.D. Ill Mar. 27, 2018); *Hordgev. First Nat'l Collection Bureau, Inc.*, 2018 U.S. Dist. LEXIS 132435, at *12-13 (S.D. Tex. Aug. 7, 2018); *Meola v. Asset Recovery Solutions*, 2018 U.S. Dist. LEXIS 139101, at *13-18 (E.D.N.Y. Aug. 15, 2018).

16. The primary purpose of JHPDE's business, and JHPDE's principal purpose, is the collection of consumer debts

17. JHPDE is engaged in the business of a collection agency, directly and indirectly using the mails and telephone to collect defaulted consumer debts.

18. In addition to mail and telephone communications, JHPDE also regularly uses Wisconsin courts in its debt collection activities. A general search on Wisconsin Circuit Court Access ("CCAP") for "JHPDE Finance*" returns at least 296 actions filed between June 21, 2018 and December 17, 2018. Upon information and belief, all or almost all of these cases are collection actions against Wisconsin consumers.

19. JHPDE uses both standard collection methods, such as mail and telephone communications, and also civil lawsuits, in its collection business.

20. JHPDE is a debt collector as defined in 15 U.S.C. § 1692a.

3

21. A company meeting the definition of a "debt collector" (here, JHPDE) is vicariously liable for the actions of a second company collecting debts on its behalf (here, TSI). *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf) (citing *Pollice v. National Tax Funding, LLP*, 225 F.3d 379, 404-05 (3d Cir. 2000)).

**FACTS**

22. On or about April 25, 2018, Defendants mailed and/or caused to be mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this Complaint as Exhibit A.

23. Upon information and belief, the alleged debt referenced in Exhibit A was incurred for a consumer loan, the proceeds of which were used only for personal, family, or household purposes.

24. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

25. Upon information and belief, Exhibit A is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

26. Upon information and belief, Exhibit A is the first written communication Defendant mailed to Plaintiff regarding this alleged debt.

27. Exhibit A contains two sheets.

28. The first sheet of Exhibit A states that Exhibit A is a communication from a debt collector and is an attempt to collect a debt.

29. The second sheet of Exhibit A is a "Privacy Notice" that details information regarding the sharing of consumer's personal information.

30.     The first sheet in Exhibit A contains the following:

> Date: April 25, 2018
> Our Account #: ▆▆▆3121
> Creditor: JHPDE FINANCE 1 LLC
> Former Creditor: SoFi Lending Corp.
> Creditor's Account #: ▆▆▆▆169
> Current Balance Due: $25665.22

Exhibit A.

31.     The second sheet in Exhibit A states:

> **Privacy Notice**
>
> **Important Notice About your Rights Under The FDPCA:** Nothing in this notice shall violate your rights under the FDCPA. No disclosures to 3rd parties will be made in violation of your rights under the FDCPA.
>
> This Privacy Notice is being provided on behalf of JH Capital Group.

Exhibit A.

32.     Exhibit A as a whole is confusing and misleading as to the identity of the creditor to whom the debt is owed.

33.     The first sheet in Exhibit A states that the "Creditor" is "JHPDE FINANCE 1 LLC" but the second sheet in Exhibit A states that the "Privacy Notice is being provided on behalf of JH Capital Group" and that "JH Capital Group may collect . . . personal information . . . from your account file at the time we purchase or begin to service your account . . . ."

34.     The unsophisticated consumer would not know whether JHPDE FINANCE 1 LLC and JH Capital Group were one entity or two separate entities, and would not know if JH Capital Group had purchased the account or was "servicing" it on behalf of JHPDE FINANCE 1 LLC.

35.     The Seventh Circuit recently held that a debt collector must *clearly* identify the current creditor of the debt:

> If the validation notice required under § 1692g(a)(2) does not identify the current creditor clearly and accurately, the law has been violated. A plaintiff need not offer additional evidence of confusion or materiality to prove the violation.

*Janetos v. Fulton Friedman &Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016).

36. "*Clear* identification of the current creditor serves the important purpose of helping unsophisticated consumers avoid fraud and the potential for double payments." *Taylor*, 2018 U.S. Dist. LEXIS 159862, at *5-6 (S.D. Ind. Sept. 19, 2018) (citing *Janetos*, 825 F.3d at 319 and *Braatz*, 2011 U.S. Dist. LEXIS 123118, at *4).

37. For this reason, courts hold that a debt collector must clearly and unequivocally identify the current creditor to whom the debt is owed and "a FDCPA plaintiff states a claim when she alleges that the collection letter names the creditor in a manner that is unclear or confusing." *Blarek v. Creditors Interchange*, No. 05-cv-1018, 2006 U.S. Dist. LEXIS 60595, at *3 (E.D. Wis. Aug. 25, 2006); *see also, e.g., Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007); *Walls v. United Collection Bureau*, No. 11-cv-6026, 2012 U.S. Dist. LEXIS 68079, at *5 (N.D. Ill. May 16, 2012); *Deschaine v. Nat'l Enter. Sys.*, No. 12-cv-50416, 2013 U.S. Dist. LEXIS 31349, at *3-5 (N.D. Ill. Mar. 7, 2013); *Aribal v. GMAC Mortg.*, No. 12-cv-9735, 2013 U.S. Dist. LEXIS 105355, at *12-13 (N.D. Ill. July 29, 2013); *Braatz v. Leading Edge Recovery Solutions, LLC*, No. 11-cv-3835, 2011 U.S. Dist. LEXIS 123118, at *3 (N.D. Ill. Oct. 21, 2011); *Pardo v. Allied Interstate, LLC*, No. 14-cv-1104, 2015 U.S. Dist. LEXIS 125526, at *8-9 (S.D. Ind. Sept. 21, 2015); *Long v. Fenton & McGarvey Law Firm, P.S.C.*, 223 F. Supp. 3d 773, 778-79 (S.D. Ind. Dec. 9, 2016); *Brinkmeier v. Round Two Recovery, LLC*, No. 15-cv-3693, 2016 U.S. Dist. LEXIS 97664, at *4 (E.D.N.Y. July 25, 2016); *Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 761 (D. Md. 2017); *Taylor*, 2018 U.S. Dist. LEXIS 159862, at *7-11.

38. For example, in *Aribal*, the Northern District of Illinois observed that:

Indeed, an unsophisticated consumer might find the statement the 'debt is owed to Partners for Payment Relief DE III, LLC, which is authorized to receive payment on your loan but which may not be the recorded holder of the security deed' confusing because – although it identifies Partners as a creditor – the language suggests that another entity, namely the recorded holder of the security deed, may also be a potential creditor.

*Aribal*, 2013 U.S. Dist. LEXIS 31349, at *12-13.

39. The confusing reference to "JH Capital Group" on the second sheet in Exhibit A renders the identification of JHPDE FINANCE 1, LLC as "Creditor" confusing and misleading.

40. Exhibit A is also confusing and misleading as to whether TSI is attempting to collect interest on the alleged debt.

41. Exhibit A contains the following:

```
Date: April 25, 2018
Our Account #:        3121
Creditor: JHPDE FINANCE 1 LLC
Former Creditor: SoFi Lending Corp.
Creditor's Account #:        169
Current Balance Due: $25665.22
```

. . .

The above amount has been placed with this company for collection.

. . .

The account balance will be periodically increased due to the addition of accrued interest, as permitted by applicable law.

Exhibit A.

42. Exhibit A contains confusing, contradictory, and misleading representations as to whether TSI is authorized to collect interest on the account.

43. Exhibit A states that the "Current Balance Due" is $25,665.22, and that this *amount* has been placed with TSI for collection, but also states that the "account balance will be periodically increased due to the addition of accrued interest, as permitted by applicable law."

7

44. One reading of Exhibit A suggests that the account balance may be increasing as a result of interest but the creditor placed only $25,665.22 (*i.e.*, the "above amount") with TSI. *See, e.g., Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 947 (7th Cir. 2004).

45. Another possible reading of Exhibit A, however, is that the creditor hired TSI to collect *the account*, including any accruing interest, rather than just $25,665.22. *See, e.g., Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000).

46. On the face of Exhibit A, it is impossible to determine whether payment of $25,665.22 would actually satisfy the amount TSI is attempting to collect.

47. The Seventh Circuit has held that the debt collector must state the amount of the debt in a simple, non-confusing manner, and should not contradict itself as to whether the amount it is collecting is increasing or static:

> If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the Act by stating the "balance" due, stating that the creditor "has assigned your delinquent account to our agency for collection," and asking the recipient to remit the balance plus the interest listed—and stopping there, without talk of the "current" balance. If, instead, the debt collector is trying to collect the listed balance plus the interest running on it or other charges, he should use the safe-harbor language of *Miller*: "As of the date of this letter, you owe $ ___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number]." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, *supra*, 214 F.3d at 876.

*Chuway*, 362 F.3d at 949.

48. Contrary to the Seventh Circuit's clear directives in *Chuway*, Exhibit A references accruing interest but fails to clarify whether TSI is actually *collecting* that interest.

8

49. Exhibit A is confusing and misleading as to the amount of the debt that TSI is attempting to collect.

50. Plaintiff was confused and misled by Exhibit A.

51. The unsophisticated consumer would be confused and misled by Exhibit A.

***The FDCPA***

52. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp. Solutions*, 2018 U.S. Dist. LEXIS 50016, *12, 2018 WL 1513043 (E.D. Wis. March 27, 2018); *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*,

9

Case 2:19-cv-00032-PP   Filed 01/04/19   Page 9 of 13   Document 1

No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also, Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)).For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

53. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

54. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

55. 15 U.S.C. § 1692e(2)(A) specifically prohibits "the character, amount, or legal status of any debt."

10

Case 2:19-cv-00032-PP    Filed 01/04/19    Page 10 of 13    Document 1

56. 15 U.S.C. § 1692e(10) specifically prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

57. 15 U.S.C. § 1692g provides that

(a) Notice of debt; contents

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed[.]

## COUNT I - FDCPA

58. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

59. Exhibit A does not clearly identify the name of the current creditor.

60. Exhibit A identifies "JHPDE Finance 1 LLC" as a possible creditor but also suggests that another entity, "JH Capital Group" may also be a potential creditor.

61. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692g(a)(2).

## CLASS ALLEGATIONS

62. Plaintiffs bring this action on behalf of a class, consisting of:

(a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter in the form represented by Exhibit A to the Complaint in this action, (c) which identifies "JHPDE FINANCE 1, LLC" as the "creditor," and (d) which also enclosed a "Privacy Notice" stating that the Privacy Notice "is being provided on behalf of JH Capital Group" (e) seeking to collect a debt for personal, family or household purposes, (f) where the letter was mailed between January 4, 2018 and January 4, 2019, inclusive, (g) and was not returned by the postal service.

11

63. Upon information and belief, the Class is so numerous that joinder is impracticable.

64. Upon information and belief, there are more than 50 members of the Class.

65. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual Class members. The predominant common question is whether the Defendant complied with the FDCPA.

66. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

67. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

68. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

69. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 4, 2019

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com